PER CURIAM:
On February 15, 1994, at approximately 8:30 a.m., Bertha Kennedy was driving a 1990 Lincoln Mark VII owned by her husband, Lowell Thomas Kennedy, on Route 83, three-quarters of a mile east of Bradshaw, West Virginia. Ms. Kennedy was traveling 15 miles per hour around a curve when the vehicle crossed an ice-covered section of road, and slid into an embankment. As a result of the accident, the vehicle sustained damages in the amount of $ 1,369.00. The damages are covered by Mr. Kennedy’s automobile insurance; however, the insurance policy has a $ 1,000.00 deductible. Ms. Kennedy is very familiar with this section of road, and testified road conditions were fair along Route 83 except in this one isolated area. Mr. Kennedy alleges there is a drainage problem at the scene of the accident which caused the icy condition.
On the morning of February 15, 1994, the McDowell County supervisor for the respondent observed the ice-covered area on his way to work. When he arrived at his office, at 7:30 a.m., he dispatched a cinder truck to treat the area. By the time the truck arrived, Ms. Kennedy had already wreaked.
*155 The Court has consistently followed the holding in Adkins v. Sims, 130W.Va. 645, 46 S.E.2d 81 (1947), which established the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Moreover, the State can neither be expected or required to keep its highways absolutely free of ice at all times, and the presence of an isolated patch of ice on a road during the winter is generally insufficient to charge the State with negligence. Cole v. Dept. of Highways, 14 Ct. Cl. 350 (1983).
In the instant case, the record reveals a cinder truck was enroute to the scene of the accident shortly after the respondent received notice of the condition. It is unfortunate the accident occurred, but the respondent was clearly taking appropriate action to remove the ice patch within a reasonable time of receiving notice of the problem. The record also lacks any evidence which supports a finding that a drainage problem existed which caused the ice to form on the road. It is not the role of this Court to draw conclusions regarding issues of causations in the absence of any supporting evidence. After a careful review of the evidence, the Court finds the claimant has not established the respondent was negligent in maintaining this road. Accordingly, the claim must be denied.
Clam disallowed.